# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADIUS J. HOLLAND,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TORRES, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:24-cv-00557-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(ECF No. 13)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Thadius J. Holland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 7, 2024, the Court screened the complaint and granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty days.  (ECF No. 12.)

　　　　Currently before the Court is Plaintiff's motion to amend complaint, filed November 18, 2024.  (ECF No. 13.)  Plaintiff states that for the past several months, the institution where he is housed has been on lockdown status and there has been no inmate movement.  Plaintiff was previously assisted by a "jailhouse lawyer" who really had no experience in law, and now that they are off lockdown Plaintiff has someone else assisting him.  Plaintiff therefore requests that the Court extend the deadline until December 7, 2024, as the law library is supposed to be operate 5 days but is only open one day per week.  (*Id.*)

　　　　Although filed as a motion to amend complaint, the Court construes Plaintiff's motion as a request for extension of time to file an amended complaint.  Having considered the request,

Plaintiff has shown good cause for the requested extension of time.  Fed. R. Civ. P. 6(b).

Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file an amended complaint, (ECF No. 13), is GRANTED;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's October 7, 2024 screening order (or file a notice of voluntary dismissal); and
3. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **November 19, 2024**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE