# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADIUS J. HOLLAND,<br><br>    Plaintiff,<br><br> v.<br><br>TORRES, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00557-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 15)<br><br>**FOURTEEN (14) DAY DEADLINE** |

  Plaintiff Thadius J. Holland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is before the Court for screening. (ECF No. 15.)

**I. Screening Requirement and Standard**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Lancaster State Prison, in Lancaster, California. Plaintiff alleges the events in the complaint occurred while Plaintiff was housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California. Plaintiff names as defendants, (1) Guadalupe Torres, psych tech, (2) Candice Gish, registered nurse, and (3) Clement Ogbuehi, nurse practitioner. Plaintiff sues each defendant in their official and individual capacities.

In claim 1, Plaintiff alleges an Eighth Amendment violation for excessive delay and denial of adequate medical care. Plaintiff alleges that defendant Torres refused to send Plaintiff to TTA for medical treatment and left Plaintiff in a pool of blood until the next day. Defendant Oghuehi refused to send Plaintiff for medical treatment and wrapped Plaintiff's wounds after ripping the stitched trying to clean the wound. After continuing bleeding after being seen by Defendant Oghuehi, Plaintiff was still bleeding and asked Defendant Gish to call medical about the bleeding and loss of blood. Defendant Gish was acting under color of law by delaying and denying Plaintiff's medical needs stating that he did not need to be seen. However when Plaintiff was seen by Defendant Gish, finally, she was shocked at the wound and how much blood loss

1  occurred.  Eventually the surgeon evaluated the wound and questioned why Plaintiff was not seen
2  soon and that Plaintiff needed surgery immediately.

3  Plaintiff went under surgery for a circumcision on November 30, 2022.  During the
4  aftercare treatment notes, Plaintiff was told that if he had any bleeding, if the stitches came
5  undone, if there was swelling or excessive pain that he should seek medical attention as soon as
6  possible.  On 12/10/2022, Plaintiff's stitches ripped off in the middle of the night which resulted
7  in a lot of blood. Plaintiff told the person on duty and nurse Torres what had happened and that he
8  needed to be seen per his doctor's instructions.  If the wound stayed open, there was a great risk
9  of infection.  Plaintiff was brushed off and was told that he would be okay and they would not see
10 him for evaluation because Plaintiff had a doctor's appointment set for that morning and to let the
11 doctor know then.

12 The doctor saw Plaintiff around 9 am for an evaluation of the wound and the doctor saw
13 the two holes where the stitches had ripped out.  The doctor saw how badly the wound was
14 bleeding. Plaintiff said that Plaintiff needed to be taken to the TTA.  However, the doctor
15 disregarded this requested and instead cleaned the wound and wrapped it.  The doctor said that he
16 would not send Plaintiff to TTA because the wound would heal at some point.  Plaintiff explained
17 what the surgeon had expressed in post operative instructions that if the stitches were to rip out,
18 but the doctor ignored Plaintiff's request and Plaintiff begged to go to TTA.  Plaintiff was sent
19 back to his cell to sit in blood and suffer in extreme pian.

20 That same night about 8:30 pm, Plaintiff started to change is wound dressing and noticed
21 blood clots, chunks of blood and ongoing bleeding to the wound. Plaintiff called the third watch
22 guard for help and stated he was bleeding badly and was in extreme pain and said he needed to go
23 to TTA.  The third watch guard stated the TTA was called and informed of Plaintiff's requests but
24 that nurse Gish was denying the request for Plaintiff to be seen as there was nothing that she
25 could do for him.

26 Early the next day, Plaintiff told the correctional office that he need help and needed to go
27 to TTA and would not take no for an answer.  The ASU nurse and the correctional officer did
28 their job and helped Plaintiff to TTA.  The TTA nurse stated for a second time that Plaintiff did

not need to be seen which was a disregard for his health.  Once Plaintiff was seen by the TTA nurse, she noticed how much blood and how badly the wound looked and agreed that Plaintiff needed to be sent to the hospital as soon as possible.

Plaintiff was transferred to the hospital where the surgeon then evaluated the wound and asked plaintiff why he didn't ask for help sooner and said that Plaintiff needed surgery.  Plaintiff said that he asked for help a number of times but was ignored.  Plaintiff ended up with a total of six stitches to repair the wound.  Plaintiff was left to suffer in pain with the possibility of losing his penis due to infection.  All of it could have been prevented if staff had listened to Plaintiff and took him to be seen by the surgeon instead of dismissing him.

As remedies, Plaintiff asks for compensatory and punitive damages and "no reprisals for writing this complaint."

**III.    Discussion**

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short. Many of Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved.  He fails to state the factual basis for the conclusions.

**Official Capacity**

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't.*

4

*of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed in this action for monetary damages against defendants in their individual capacities.

**Eighth Amendment-Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between

medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Construing the allegations, Plaintiff states a serious medical need.

And liberally construing the allegations, Plaintiff states a claim against Defendant Torres for delay of medical care on 12/10/22.

It is unclear from the allegations who the "doctor" is that Plaintiff saw at 9 a.m. Assuming it is C. Oghuechi, Plaintiff fails to state a claim against C. Ogbuechi. Plaintiff alleges that the doctor cleaned the wound and bandaged the wound, but did not send him to TTA. Plaintiff merely alleges a difference of opinion between the medical provider and the prisoner; the doctor gave Plaintiff some amount of medical care and told Plaintiff that the wound would heal, but did not give him the care Plaintiff requested. Further, Plaintiff fails to allege what care was provided for his complaints of pain.

Liberally construing the allegations, Plaintiff states a claim against Defendant Gish for denial of care at 8:30 p.m.

**Injunctive Relief**

Plaintiff seeks "no reprisals" for filing his complaint. The Court construes this request as one for injunctive relief. Plaintiff is informed that requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any

injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

### IV.     Conclusion and Recommendation

For the reasons stated, the Court finds that Plaintiff states a cognizable claim for deliberate indifference to medical care in violation of the Eighth Amendment against Defendants Guadalupe Torres, psych tech and Candice Gish, registered nurse. Plaintiff's complaint fails to state any other cognizable claims against any other defendants.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed December 9, 2024, (ECF No. 15), for deliberate indifference to medical care against Defendants Guadalupe Torres, psych tech and Candice Gish, registered nurse, in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 13, 2024**            /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE