# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADIUS J. HOLLAND,<br><br>            Plaintiff,<br><br>     v.<br><br>TORRES, *et al.*,<br><br>            Defendants. | Case No.  1:24-cv-00557-JLT-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 28) |

Plaintiff Thadius J. Holland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Guadalupe Torres and Candice Gish ("Defendants") for deliberate indifference to medical care in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed May 5, 2025.  (ECF No. 28.)  Plaintiff states that he is indigent, and his facility has been on an ongoing lockdown status for the past 30 days.  During this period, Plaintiff does not have access to the law library or a GTL tablet to research his case.  Plaintiff also argues that his case presents exceptional circumstances due to the complexity of the legal and factual issues involved, Plaintiff's ability to proceed without appointed counsel, and Plaintiff's capacity to retain counsel.  (*Id.*)

Defendants have not yet been served and have not had the opportunity to respond to Plaintiff's motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

1  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
2  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
3  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
4  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
5  1525.

6        Without a reasonable method of securing and compensating counsel, the Court will seek
7  volunteer counsel only in the most serious and exceptional cases.  In determining whether
8  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
9  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
10 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

11       The Court has considered Plaintiff's request, but does not find the required exceptional
12 circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
13 would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
14 almost daily by prisoners who must also conduct legal research with limited access to a law
15 library and without the assistance of counsel.

16       Furthermore, at this stage in the proceedings, the Court cannot make a determination that
17 Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint was screened and
18 found to state cognizable claims, this does not mean that Plaintiff's claims are likely to succeed
19 on the merits.  Finally, based on a review of the record in this case, the Court does not find that
20 Plaintiff cannot adequately articulate his claims.

21       Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 28), is HEREBY
22 DENIED, without prejudice.

23
24 IT IS SO ORDERED.

25     Dated:   **May 7, 2025**               /s/ *Barbara A. McAuliffe*
26                                                        UNITED STATES MAGISTRATE JUDGE
27
28